# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| TYLER HIRSCH and BRANDI JO HIRSCH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:16-cv-02279 ) JUDGE CRENSHAW ) |
| WILMINGTON TRUST, NATIONAL ASSOCATION, and WILSON & ASSOCIATES, PLLC, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Tyler and Brandi Jo Hirsch brought this action against the Wilmington Trust, National Association, and Wilson & Associates, PLLC (collectively "Defendants"), in the Williamson County, Tennessee, Chancery Court alleging state law violations. (Doc. No. 1-1.) Defendants removed the case to the Court, alleging that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) After two show cause orders (Doc. Nos. 5, 23), the Court is satisfied that it has jurisdiction over this matter. Before the Court is Defendants' Motion to Dismiss (Doc. No. 10.) For the following reasons, Defendants' motion is **DENIED**.

I. ALLEGATIONS

On February 1, 2005, Robert and Lisa Laidlaw purchased the property at 28 Colonel Winstead Drive in Brentwood, Tennessee (hereinafter, "the Property), from Turnberry Homes, LLC. (Doc. No. 1-1 at 2.) The Laidlaws financed the home with a loan from Southstar Funding, LLC ("Southstar"), and secured the loan with a Deed of Trust. (Id.) The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee of Southstar. (Id.) On May 9, 2006, the Laidlaws refinanced their mortgage with two new deeds of trust. (Id.)

Countrywide Bank, N.A., issued the senior deed of trust (the "Countrywide Deed"), in the amount of $672,000.00. (Id.) The Countywide Deed named MERS as the nominee of Countywide Bank. (Id.) Community First Bank & Trust issued the junior deed of trust (the "Community Deed") in the amount of $250,000.00. (Id.) On August 3, 2011, MERS assigned its beneficial interest in the Countrywide Deed to BAC Home Loans Servicing ("BAC"). (Id. at 3.)

In 2011, Mr. Hirsch attended a seminar conducted by Eden Gifted Properties ("Eden"). Eden represented that it helped customers eliminate mortgage debt related to real estate. (Id.) Eden customers would pay a "donation" of 10% of the debt value to Eden in exchange for documents evidencing a release of the debt. (Id.) Based on these representation, the Hirschs purchased the Property and used Eden's services to release the two deeds of trust. (Id.)

On September 13, 2011, the Hirschs purchased the Property from the Laidlaws, subject to the two deeds of trust. (Id.) With Eden's assistance, the Laidlaws executed a quitclaim deed to the Hirschs, which the Hirschs recorded with the Williamson County Register of Deeds. (Id. at 4.) The Hirschs then paid Eden $60,000.00 to negotiate a release of the Countrywide Deed. (Id.) Eden procured a release of the Countrywide Deed (the "Countrywide Release"), signed by BAC on April 18, 2012. (Id.) On April 27, 2012, the Hirschs recorded the Countrywide Release with the Williamson County Register of Deeds. (Id.)

On April 25, 2012, the Hirschs negotiated the release of the Community Deed for $10,000.00 cash payment. (Id.) On June 8, 2012, Community executed a release of the Community Deed (the "Community Release"). (Id.) On June 12, 2012, the Hirschs recorded the Community Release with the Williamson County Register of Deeds. (Id.)

In 2014, the principals of Eden were convicted of mail fraud in connection with their business. (Id. at 5.) Apparently, Eden on behalf of its customers fraudulently executed a portion of

the releases from deeds of trust, creating two hundred fifty victims. (Id.) The Hirschs do not know whether Eden obtained a valid release from BAC or if the Countrywide Release is otherwise authentic. (Id.) However, a search of the Williamson County Register of Deeds shows that nobody has recorded any document to suggest that the Countrywide Release is invalid, void, or otherwise subject to challenge. (Id.)

On May 22, 2014, BAC purported to assign the Countrywide Deed to the Christiana Trust (the "Christiana Assignment"). (Id. at 6.) On May 29, 2014, the Christiana Trust recorded the Christiana Assignment with the Williamson County Register of Deeds. (Id.) On May 27, 2015, the Christiana Trust purported to assign the Countrywide Deed to Wilmington Trust, National Association (the "Wilmington Assignment"). On June 18, 2015, Wilmington Trust recorded the Wilmington Assignment with the Williamson County Register of Deeds. (Id.)

On June 8, 2016, Wilmington Trust appointed Wilson & Associates as the substitute trustee under the Countrywide Deed in order to foreclose on the Property. (Id.) On June 17, 2016, Wilson & Associates recorded the Substitution of Trustee with the Williamson County Register of Deeds.[1] (Id.) On July 15, 2016, Wilson & Associates published a Notice of Trustee's Sale, in which it stated its intent to sell the Property on August 10, 2016, at 11:00 a.m., to satisfy the Countrywide Deed. (Id.)

II.  STANDARD OF REVIEW

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---

[1] The Complaint actually states that the Substitution of Trustee was recorded with the "Wilson County" Register of Deeds. (Id.) However, given the context of the Complaint and the location of the Property, the Court believes this is a typographical error, and it is actually the Williamson County Register of Deeds.

claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III.     ANALYSIS

The Complaint alleges two causes of action against Defendants: (1) declaratory judgment that (a) the Countrywide Deed has been released, (b) Defendants lack standing to foreclose the Countrywide Deed, and (c) the threatened foreclosure would violation Tennessee Code Annotated § 29-18-101; and (2) to enjoin Defendants from foreclosing on the Property. (Doc. No. 1-1.) Defendants move to dismiss the Complaint in its entirety. (Doc. No. 10.)

Defendants move to dismiss the case because the Countrywide Release was "clearly fraudulent" based on the principals of Eden's convictions for fraud. (Doc. No. 11 at 7.) The Hirschs counter that the law requires the Court to balance equities after considering the specific facts, and there are multiple factual issues that require discovery. (Doc. No. 14 at 7.)

Both parties agree on the law that governs this motion: "As between a mortgagee whose mortgage has been discharged of record solely through the act of a third party, which act was unauthorized by the mortgagee, and for which he was in no way responsible, and a person that has been induced by such cancellation to believe that the mortgage has been canceled in good faith, and has dealt with the property by purchasing the title or accepting a mortgage thereon as

security for a loan, the equities are balanced." Fid. Mut. Life Ins. Co. v. Guess, 101 S.W.2d 694, 697 (Tenn. 1937). "In such case the rights will be settled in the order of time, and the prior mortgage must remain despite the apparent discharge." Id. "If, however, the mortgagee is in any way responsible for the mortgage being released of record, or if the release of record is procured through the neglect, incaution, credulity, or misplaced confidence of the mortgagee, a different rule will govern in determining the equities." Id.

Here, the Court does not need to analyze the equities because the Hirschs pleaded sufficient factual averments that the Eden fraud may not have affected them, and Defendants did not produce any evidence to the contrary. Specifically, the Hirschs allege that it is "unknown if Eden obtained a valid release from BAC or if the Countrywide Release is otherwise authentic." (Doc. No. 1-1 at 5.) Only "a portion" of the releases Eden procured have been deemed fraudulent, which implies that there could be some releases that were not fraudulent. (Id.) No documents have been recorded with the Williamson County Register of Dead "to suggest that the Countrywide Release is invalid, void, or otherwise subject to challenge." (Id.) Therefore, the Court finds sufficient facts in the Complaint that the discharge may have been "authorized by the mortgagee," and denies the motion to dismiss.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 10) is **DENIED**. Within seven days, the parties are to file a motion with the Magistrate Judge to reset the initial case management conference. (Doc. No. 21.) Defendants shall file a responsive pleading within fourteen days of the date of this Order. FED. R. CIV. P. 12(a)(4)(A).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE